Leslie JACKSON, and Deborah Ann
Smith, a/k/a Deborah
Jackson, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. F–81–556, F–81–557.

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1982.

Rehearing Denied Dec. 14, 1982.

Stephen E. Lile, Lawton, for appellants.

Jan Eric Cartwright, Atty. Gen., Robert
C. Smith, Jr., Asst. Atty. Gen., Oklahoma
City, for appellee.

OPINION

BUSSEY, Judge:

As their sole assignment of error, on appeal from their conviction in Comanche County District Court, Case No. CRF–80–519, of Unlawful Possession of Marijuana with Intent to Distribute, the appellants, Leslie Jackson and Deborah Ann Smith, a/k/a Deborah Jackson, argue that the trial court erred in failing to suppress the contraband as it was allegedly obtained as a result of an illegal arrest.

On the evening of September 23, 1980, acting upon a "tip" from a reliable confidential informant, Lawton police officers set up surveillance at the Chickasha tollgate of the H.E. Bailey Turnpike, waiting for a brownish-gold Honda with a red "For Sale" sign taped to the rear window, which was supposed to contain two black females who were bringing marijuana to Lawton from Oklahoma City. At approximately 10:50, P.M., Lawton Police Officers Goss and Dawkins observed the vehicle exit the tollgate and began to follow it at a distance. Officer McDougle, who was in Lawton, was instructed to stop the vehicle on a traffic violation if possible, but stop it before it reached 622 Bishop Road. However, before he was able to do so, the car was stopped by a highway patrolman for speeding. Trooper Tom Downs testified that he was routinely working traffic and clocked a vehicle approximately one half mile from him that was traveling at sixty (60) miles per hour in a fifty-five (55) miles per hour zone, and he stopped the vehicle for speeding. As

Downs exited his cruiser, the Honda suddenly drove away. During the pursuit that followed, the passenger door of the fleeing car opened and a large, green plastic bag was thrown out of the Honda. It was retrieved, and was found to contain several bags of marijuana amounting to a total weight of 4.75 pounds.

Trooper Downs stated that although he had overheard on his police radio that a police unit wanted a brown Honda stopped in the vicinity, he did not know that it was the vehicle that he was stopping until he had begun his attempted arrest.

Whether or not the attempted arrest for speeding was a subterfuge arrest need not be determined by this Court because here the contraband was not obtained by use of a search, as was done in all the cases cited as authority by the appellants. In the instant case an abandonment of the evidence occurred when the marijuana was flung from the fleeing vehicle, and the seizure was thus outside the area protected by the Fourth Amendment,[1] and was properly admitted at trial. This assignment of error is wholly without merit.

The judgments and sentences are AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.

---

1. For a case reaching the same conclusion on similar facts, see, *United States v. Hollman*, 541 F.2d 196 (8th Cir.1976).